# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVAN EUBANKS | CIVIL ACTION |
| VERSUS | NO. 17-1217 |
| SASKIA O. EUBANKS | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Respondent Saskia O. Eubanks' Motion for Sanctions and to Vacate Protective Order.[1] Petitioner Ivan Eubanks filed an objection.[2] For the following reasons, Respondent's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

On February 10, 2017, Petitioner filed his Verified Complaint for Return of Children to the Cayman Islands pursuant to the Hague Convention on the Civil Aspects of International Child Abduction.[3] This matter was tried before the Court, sitting without a jury, on May 11th and May 12th of 2017.[4] On July 31, 2017, the Court issued its Findings of Fact and Conclusions of Law denying Mr. Eubanks' request for the return of the children.[5]

On July 3, 2017, Ms. Eubanks filed her Motion for Sanctions and to Vacate Protective Order.[6] Ms. Eubanks requests that the Court award sanctions against the Petitioner, and his counsel, for their abuse of the discovery process.[7] Ms. Eubanks also requests that the Court vacate the Joint Protective Order entered into on June 6, 2017.[8]

---

[1] R. Doc. 117.
[2] R. Doc. 121.
[3] R. Doc. 1.
[4] R. Docs. 96, 97.
[5] R. Doc. 125.
[6] R. Doc. 117.
[7] *Id.*
[8] *Id.*

1

# LAW AND ANALYSIS

I. <u>Motion for Sanctions</u>

Ms. Eubanks requests that the Court award sanctions against the Petitioner, Mr. Eubanks, and his counsel, for their abuse of the discovery process.[9] As explained in the Court's July 31, 2017 Findings of Fact and Conclusions of Law, Mr. Eubanks clearly did not comply with his discovery obligations.

On February 24, 2017, the Court entered an Order setting a trial date on Mr. Eubanks' Petition and ordering the parties to comply with certain pretrial deadlines, including propounding written discovery by March 3, 2017 and providing responses to written discovery by March 10, 2017.[10] Ms. Eubanks, in compliance with the Order, propounded Interrogatories and Requests for Production of Documents to Mr. Eubanks on March 3, 2017. Ms. Eubanks requested that Mr. Eubanks produce any and all correspondence between himself any prospective employer from January 1, 2015 to present.[11] Ms. Eubanks' Interrogatories and Requests for Production of Documents clearly were not limited only to applications *submitted* during this time period but also requested *any* correspondence between Mr. Eubanks and a prospective employer. By the terms of the February 24, 2017 Order, Mr. Eubanks was required to produce the correspondence requested by March 10, 2017. He was obligated to supplement or correct his responses through the date of the trial under Federal Rule of Civil Procedure 26(e).

Mr. Eubanks' responses to the requests for production and his responses to the interrogatories did not include the names of any individuals or entities he corresponded

---

[9] *Id.*
[10] Rec. Doc. 15.
[11] *See* R. Doc. 125 at 3. *See also* R. Doc. 117-3 (Ms. Eubanks' Interrogatories and Requests for Production of Documents).

with regarding employment during 2016 or 2017. Nor did his response include copies of correspondence between himself and any prospective employer during 2016 or 2017.[12]

On the first day of trial, May 11, 2017, Mr. Eubanks testified on direct that he did not apply for any jobs during 2016. On cross-examination, Mr. Eubanks admitted that he applied for a position with the United States Department of State in March 2016. After the trial recessed for the day, in a conference in chambers with all counsel, the Court ordered Mr. Eubanks to search his emails and provide Ms. Eubanks and her counsel with complete responses to her Interrogatories and Requests for Production of Documents the following morning.

The following morning, the Court began the day by questioning counsel for Mr. Eubanks about the documents the Court had ordered him to produce.[13] Counsel for Mr. Eubanks first responded that all of the documents had already been produced and then admitted that he did have three additional documents.[14] At the end of the second day of trial, the Court still was not satisfied that Mr. Eubanks had produced all responsive documents. The Court ordered Mr. Eubanks to retain a third-party vendor to perform a complete search of his emails to identify any correspondence with potential employers during 2016.[15] Only when the Court ordered that a third party perform the search were the vast majority of the documents requested by Ms. Eubanks finally produced.[16]

As a result of these untimely disclosures, Ms. Eubanks requests that the Court award sanctions against the Petitioner, Mr. Eubanks, and his counsel, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A) because of their failure to provide documents and

---

[12] *See* R. Doc. 125 at 3 (citing R. Docs. 99-2 at 4-12, 117-3 at 2-41).
[13] Rec. Doc. 127 at 3-5.
[14] *Id.*
[15] *Id.* at 15-18.
[16] Court Exhibit 2.

information as required by Rule 26(a) or (e). Mr. Eubanks argues the Federal Rules do not allow for the imposition of sanctions in this situation because Ms. Eubanks did not file a motion to compel a more complete response to her discovery requests.

> Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions including any of the orders listed in Rule37(b)(2)(A)(i)-(vi).[17]

It is clear from the face of the rule that "Rule 37(c)(1) is intended to prevent the practice of 'sandbagging' an opposing party with new evidence" by failing to produce documents the party wishes to use in his own case.[18] Rule 37(c)(1) does not apply to the situation now before the Court, as Mr. Eubanks clearly was not attempting to use evidence of his continued search for employment in the United States during 2016 as evidence in support of his complaint. Instead, Mr. Eubanks was attempting to keep this evidence from Ms. Eubanks and the Court altogether.

Although Ms. Eubanks may not seek payment of her reasonable expenses, including attorney's fees, under Rule 37(c)(1), she may pursue sanctions pursuant to Rule 37(b)(2). Rule 37(b)(2)(A) provides: "If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order

---

[17] FED. R. CIV. P. 37(c)(1).
[18] *New World Solutions, Inc. v. NameMedia, Inc.*, 150 F. Supp. 3d 287, 304 (E.D.N.Y. 2015) (citations omitted).

to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."[19] Rule 37(b)(2)(C) provides: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[20] A sanction under Rule 37(b)(2) is not contingent on a party's first filing a motion to compel.[21] Instead, the offending party may be ordered to pay reasonable expenses, including attorney's fees, based on his unjustified behavior.

"The definition of 'order' in Rule 37(b) has been read broadly."[22] "Sanctions may be imposed even for a violation of a court's oral order, as long as a party has 'unequivocal notice that a court has asked that certain documents be produced.'"[23] The Court's written Order of February 24, 2017[24] and the Court's oral order on May 11, 2017 both qualify as orders under Rule 37(b)(2), as they provided unequivocal notice to Mr. Eubanks of the documents that were to be produced. Mr. Eubanks' subsequent production of 1,800 emails, after the search by the retained third-party vendor, demonstrates that Mr. Eubanks did not comply with the Court's orders of February 24, 2017 and May 11, 2017 in a timely manner. Mr. Eubanks has provided no justification for his failure to comply with

---

[19] Fed. R. Civ. P. 37(b)(2)(A).
[20] *Id.* at (b)(2)(C).
[21] *McCleod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("First, an order is not always a prerequisite to the imposition of sanctions. Courts have held that [R]ule 37(b) sanctions can be imposed even without an existing order to compel.") (alterations added).
[22] *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992)). *See also, Hepinstall v. Blount*, 3 F.3d 439, *2 n.6 (5th Cir. 1993) ("We have interpreted 'court order' under Rule 37(b) broadly." (Citing *McLeod, Alexander, Powel & Apffel*, 894 F.2d at 1485)).
[23] *Id.* (quoting *Unigard Sec. Ins. Co.*, 982 F.2d at 368 (citing *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974)).
[24] Rec. Doc. 15.

the Court's orders and the Court knows of no other circumstances that would make an award of expenses unjust. Accordingly, pursuant to Rule 37(b)(2), Mr. Eubanks is ordered to pay Ms. Eubanks' reasonable expenses caused by his failure to comply with the Court's orders, including her attorney's fees. This matter is referred to the assigned magistrate judge for a calculation of the amount owed. [25]

II. <u>Motion to Vacate Protective Order</u>

Ms. Eubanks' motion also requests that the Court vacate the Joint Protective Order, entered on June 6, 2017,[26] covering correspondence relating to Mr. Eubanks' application to the State Department.[27] The Court finds that Ms. Eubanks' motion has merit. Courts have recognized that the common law "establishes a presumption of public access to judicial records."[28] "Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'"[29] This right of public access to judicial records applies even in cases in which the information may not be of particular interest to the public.[30] "Although countervailing interests may outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption."[31]

---

[25] Ms. Eubanks' motion for sanctions is denied with respect to her request that Mr. Eubanks' counsel also be sanctioned but the Court admits this was a close case. The attorneys are reminded of their obligation to certify discovery responses only after a reasonable inquiry that a disclosure is complete and correct. *See* FED. R. CIV. P. 26(g)(1). It does not appear that the attorneys complied with this obligation when they relied solely on Mr. Eubanks' searches of his email.
[26] R. Doc. 106.
[27] The Joint Protective Order applies only to correspondence and documents relating to Mr. Eubanks' application submitted to the United States State Department. *See* Court Exhibit 3 and Docs. 111-3, 111-4, 111-5.
[28] *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).
[29] *Id.* (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)).
[30] *See, e.g., Marcias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008).
[31] *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) (citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)).

Ms. Eubanks consented to the entry of the protective order to expedite production of documents related to Mr. Eubanks' application with the State Department. The trial was ongoing, Mr. Eubanks represented that the State Department required that the documents be kept confidential, Ms. Eubanks needed the documents right away, and the entry of the protective order was the quickest way to obtain the documents. In reality, confidentiality through the entry of a protective order was not required by the Department of State. Mr. Eubanks has provided no other justification to overcome the presumption that the records should be made accessible to the public. The Court finds that, with respect to Mr. Eubanks' job application to the State Department, there is no justification for a protective order.[32] Accordingly, the Court's order entering the Joint Protective Order is vacated and the Joint Protective Order is withdrawn.[33]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Ms. Eubanks' Motion for Sanctions and to Vacate Protective Order[34] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Ms. Eubanks' Motion for Sanctions is **GRANTED** to the extent she seeks to impose sanctions on Mr. Eubanks for his failure to obey the Court's orders. The Court **REFERS** the determination of the amount of damage caused by Mr. Eubanks' failure to the magistrate judge.

---

[32] Court Ex. 2 (R. Docs. 111-3, 111-4, 111-5). Mr. Eubanks may choose to seek a protective in the state court proceedings, if he believes such an order is necessary.
[33] R. Doc. 106.
[34] R. Doc. 117.

**IT IS FURTHER ORDERED** that Ms. Eubanks' Motion for Sanctions is **DENIED** to the extent she seeks to impose sanctions against Mr. Eubanks' counsel for discovery violations.

**IT IS FURTHER ORDERED** that Ms. Eubanks' Motion to Vacate Protective Order is **GRANTED**. The Court's Order entering the Joint Protective Order[35] is hereby **VACATED** and the Protective Order is hereby **WITHDRAWN.**

**New Orleans, Louisiana, this 4th day of August, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. 106